UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY ALEXANDER WELCH,<br><br>        Plaintiff,<br><br>        v.<br><br>Assistant Ramsey County Attorneys<br>ROBERT A. PLESHA and DAVID E.<br>MILLER, and Ramsey County Judges<br>GARY W. BASTIAN and<br>M. MICHAEL MONAHAN, et al.,<br><br>        Defendants. | Civil File No. 08-6330 (ADM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated December 15, 2008, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $8.91, as required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), so this case can now proceed.

The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that all of the named Defendants are legally immune from being sued on the claims presented in Plaintiff's complaint, and that this action should therefore be dismissed pursuant to § 1915A(b).

## I. BACKGROUND

Plaintiff's current lawsuit stems from a criminal case that was brought against him several years ago in the state district court for Ramsey County, Minnesota. Plaintiff is attempting to sue two assistant district attorneys who prosecuted that criminal case – Defendants Robert A. Plesha and David E. Miller. He is also attempting to sue two state court judges who presided in the case – Defendants Gary W. Bastian and M. Michael Monahan.

In September 2000, Defendant Plesha filed a criminal complaint charging Plaintiff with kidnaping. (Complaint, [Docket No. 1], § IV, pp. 3-5, ¶ 1.) Defendant Bastian then issued a warrant for Plaintiff's arrest. (Id., ¶ 2.) After Plaintiff was arrested, Defendant Miller filed an amended complaint against Plaintiff, charging him with both kidnaping and attempted criminal sexual conduct. (Id., ¶ 4.) In early 2001, Defendant Monahan conducted a bench trial in Plaintiff's state criminal case, and found Plaintiff guilty on both the kidnaping charge and the criminal sexual conduct charge. (Id., ¶s 6-7.)

Plaintiff was given a 45-month sentence for his kidnaping conviction, and a 150-month sentence for his criminal sexual conduct conviction. The Minnesota Supreme Court subsequently vacated Plaintiff's kidnaping conviction and sentence, but upheld his conviction and sentence for criminal sexual conduct. State v. Welch, 675 N.W.2d 615 (Minn. 2004). Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Oak Park Heights, Minnesota.[1]

---

[1] It is unclear whether Plaintiff is presently serving the 150-month sentence that was imposed in the Ramsey County criminal case described in his complaint, or whether he is serving some other sentence.

Plaintiff now claims that Defendant Phesha violated his federal constitutional rights by issuing the original criminal complaint for kidnaping without probable cause. He further claims that Defendant Bastian violated his constitutional rights by issuing an arrest warrant pursuant to the allegedly defective criminal complaint. Plaintiff also claims that his constitutional rights were violated when Defendant Miller amended the criminal complaint to include a new charge of criminal sexual conduct. Finally, Plaintiff claims that Defendant Monahan violated his constitutional rights by allowing the criminal complaint to be amended, and by finding him guilty on the charges brought by the amended criminal complaint.

Plaintiff is seeking a judgment against the four named Defendants for compensatory damages in the amount of $1,000,000.00. He is also seeking $1,000,000.00 in punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental agencies and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, the action must be summarily dismissed. 28 U.S.C. § 1915A(b). In this case, the Court finds that Plaintiff's complaint must be

summarily dismissed, in its entirety, because all four of the named Defendants are legally immune from the claims that Plaintiff is attempting to bring against them.

Plaintiff's claims against State Court Judges Bastian and Monahan are clearly barred by the doctrine of judicial immunity. It is well settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). See also Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) ("'it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted'"), quoting Stewart v. Case, 53 Minn. 62, 66 (1893). Here, Plaintiff is attempting to sue Judges Bastian and Monahan for acts they allegedly performed as the presiding judges in Plaintiff's state criminal case. Therefore, the claims that Plaintiff is currently attempting to bring against Judges Bastian and Monahan are barred by the doctrine of judicial immunity.

It is also well settled that state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976); Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam), cert. denied, 506 U.S. 1053 (1993). Prosecutorial immunity specifically applies to all acts or omissions by a prosecutor "in initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. "If the prosecutor is acting as advocate for the state in a criminal

prosecution, then the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.), cert. denied, 519 U.S. 867 (1996).

It is readily apparent that Defendants Plesha and Miller are absolutely immune from Plaintiff's current civil rights claims. Plaintiff is attempting to sue those two Defendants for acts they allegedly performed during the course of the State's criminal prosecution against him. See id. ("[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Because Defendants Plesha and Miller are being sued for purely prosecutorial activities, both of them are clearly entitled to prosecutorial immunity in this case.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that all of the named Defendants are legally immune from all of the claims that Plaintiff is attempting to bring against them in this case. Therefore, this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] To date, he has paid only $8.91, so he still owes $341.09.

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the

Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court finds that because Plaintiff has failed to state any viable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $341.09, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action should be treated as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: January 7, 2009

s/ <i>Franklin L. Noel</i><br>
FRANKLIN L. NOEL<br>
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 27, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party

---

only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.